UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 20-5224 JGB (PVC)                                    Date:  June 23, 2020

Title        Marcelle Franklin v. People of the State of California

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:   [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THE PETITION BE DISMISSED FOR LACK OF JURISDICTION**

On June 2, 2020, Petitioner Marcelle Franklin ("Petitioner"), a California state prisoner proceeding *pro se*, constructively filed a habeas petition pursuant to 28 U.S.C. § 2254.  ("Petition," Dkt. No. 1).[1]  The Petition puts at issue the restitution fines imposed in two separate matters:  (1) a $1,000 restitution fine pursuant to his 2012 conviction for attempted murder, possession of a firearm, and assault with a firearm in Los Angeles County Superior Court case number TA114379; and (2) a $700 restitution fine pursuant to a separate conviction for assault with a deadly weapon on a peace officer in 2003 in

---

[1]  Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).  Here, the Petition was signed on June 2, 2020.  (Petition at 8).  Therefore, the Court will deem the Petition filed on that date.  The Court refers to the pages of the Petition as if they were consecutively paginated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-5224 JGB (PVC)                               Date:  June 23, 2020

Title   Marcelle Franklin v. People of the State of California

Los Angeles County Superior Court case number TA068087.  (*Id.* at 5-6, 13-14).  Petitioner expressly states that "[t]his Petition is dealing with restitution fee's [sic]."  (*Id.* at 3).

     The Petition raises three grounds for federal habeas relief:  (1) the trial court improperly imposed a restitution fine without conducting a hearing to determine his present ability to pay, in violation of California Penal Code § 1465.8 and California Government Code § 70373; (2) the imposition of a restitution fine without holding an ability to pay hearing violated Petitioner's due process and equal protection rights under both the federal and California constitutions; and (3) Petitioner had already paid a $700 restitution fine, so the imposition of a restitution fine for the "second time for the same fee[s]" violated Petitioner's due process rights.  (*Id.* at 5-6).  Petitioner appears to have complained in state court about the lack of an ability to pay hearing in both case number TA114379 and case number TA068087.  (*Id.* at 13-14).  Accordingly, it is unclear whether Grounds One and Two concern only the restitution fine arising from Petitioner's 2012 conviction or if they also encompass the restitution fine arising from his 2003 conviction.  No matter how the claims are construed, the Court appears to lack jurisdiction over the Petition.

     28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the laws of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Accordingly, to state a habeas claim, the petitioner must challenge the validity of the fact or duration of his confinement.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . .") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (habeas is the proper vehicle where the prisoner "seeks either immediate release from prison, or the shortening of his term of confinement").  However, claims that "would not necessarily lead to [a prisoner's]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-5224 JGB (PVC)                                   Date:  June 23, 2020

Title       Marcelle Franklin v. People of the State of California

immediate or earlier release from confinement" do not fall within "the core of habeas corpus" and fail to confer habeas jurisdiction on the court.  *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc).

     Here, Petitioner's claims for relief allege that the trial court failed to consider his ability to pay when setting the amount of his restitution fine(s), and that the imposition of a "second" restitution fine after he was reincarcerated pursuant to the 2012 conviction violated his due process rights.  (Petition at 5-6).  However, the Ninth Circuit has held that because challenges to restitution fines do not allege that a person is wrongfully in custody, they fail to state a cognizable habeas claim.  *See, e.g., Bailey v. Hill*, 599 F.3d 976, 982 (9th Cir. 2010) ("§ 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence."); *see also United States v. Ross*, 801 F.3d 374, 380 (3d Cir. 2015) ("[F]ines, restitution orders, and other monetary penalties are insufficient to meet the 'in custody' requirement [of federal habeas statutes].") (citing cases, including *Bailey*); *Washington v. Smith*, 564 F.3d 1350, 1350-51 (7th Cir. 2009) (petitioner did not satisfy the "in custody" requirement because, even if he prevailed on his claim, "the only possible benefit [would] be a lower payment to his victim") (quoted with approval in *Bailey*, 599 F.3d at 981-82).

     Because Petitioner's claims challenge only the imposition of his restitution fine(s), and not the validity of his conviction(s) or the duration of his confinement, the Petition does not appear to confer habeas jurisdiction upon this Court.  Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **twenty-one (21) days** of the date of this Order, why this action should not be dismissed for lack of jurisdiction.[1]

---

[1] Even if the Court had jurisdiction over Petitioner's restitution claims, the Petition appears to suffer from at least three other defects besides the failure to state a cognizable habeas claim.  First, the Petition's claims appear to be untimely.  The restitution fines challenged here were presumably imposed at sentencing in 2003 and 2012, and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs here,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-5224 JGB (PVC)                                   Date:  June 23, 2020

Title        Marcelle Franklin v. People of the State of California

     **Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>A Notice of Dismissal form is attached for Petitioner's convenience.</u>  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

     **Petitioner is expressly warned that the failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for failure to comply with Court orders and failure to prosecute.  *See* Fed. R. Civ. P. 41(b).**

     IT IS SO ORDERED.

---

"establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus" after his conviction becomes "final" upon the completion of direct review of his conviction and sentence in the state courts.  *Wall v. Kholi*, 562 U.S. 545, 550 (2011); 28 U.S.C. § 2244(d)(1).  Second, it does not appear that Petitioner's claims are exhausted.  To satisfy the exhaustion requirement, the petitioner must present his claims to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available, and the Petition does not show that Petitioner has presented *any* of his present claims to the California Supreme Court.  *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).  Third, the Petition does not name a proper respondent.  Rule 2(a) of the Rules Governing Section 2254 Cases provides that where a habeas petitioner is in custody, "the petition must name as respondent the state officer who has custody" of him.  Typically, this person is "the warden of the facility in which the petitioner is incarcerated."  *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (per curiam).  Accordingly, the Court lacks jurisdiction unless and until the proper respondent is named.